Fuld, J.
(dissenting). I recognize that the Legislature may change the settled rule of law which ‘ ‘ looks only to the proximate cause of the mischief, in attaching legal responsibility, and allow a recovery to be had against those whose acts contributed, although remotely, to produce it” (Bertholf v. O’Reilly, 74 N. Y. 509, 524), but the Administrative Code provision upon which the plaintiffs here rely does not, in my view, effect any such far-reaching change. The plaintiffs were not required, it is true, to prove ‘ ‘ negligence ’ ’ on the part of the defendants, for violation of the statute in and of itself constituted the wrong upon which the action could be predicated. The statute did not, however, dispense with, or render unnecessary, proof that its violation was the direct and proximate cause of the injury complained of and, if the plaintiffs were to succeed, it was incumbent upon them to establish such a causal connection. That they could not do, since, concededly, there occurred between wrong and injury an intervening criminal act of arson which made the injury a highly remote and unforeseen effect of the wrong.
Judgment affirmed.